## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 07-56-HRW**

**WENDELL HACKER**,                                              **PLAINTIFF,**

**v.**               **<u>MEMORANDUM OPINION AND ORDER</u>**


**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  supplemental security income benefits in September 2003, alleging disability beginning on July 15, 1999. This application  was denied initially and on reconsideration.

On February 2, 2005, an administrative hearing was conducted by an Administrative Law Judge who denied the claim on March 17, 2005.

The Appeals Council, however, granted Plaintiff's request for review and remanded the claim.   A second hearing was convened by Administrative Law Judge John Lawrence (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional

2

capacity and vocational factors, he is not disabled.

On August 15, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 24-30).

Although the evidence suggested that Plaintiff had in fact worked, giving Plaintiff the benefit of the doubt, the ALJ found Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that although Plaintiff  suffered from back pain, it was not  "severe" as defined by the Regulations (Tr. 27-28).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 2 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 26, 2006 (Tr. 9-11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## III.  ANALYSIS

3

**A.    Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.    Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not give proper deference to the opinions of his treating

4

physicians, Dr. Banks and Dr. Phillips and (2) the ALJ did not consider the combined effects of his impairments.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not give proper deference to the opinions of his treating physicians, Dr. Banks and Dr. Phillips[1].

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive deference  only if they are supported by sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The Physical Residual Functional Capacity Questionnaire completed by Dr. Banks on August 12, 2004 is not supported by his own records (Tr. 160-164). While Dr. Banks opines that Plaintiff is significantly limited in his ability to perform basic work activity, his treatment notes reveal scant clinical findings and only conservative treatment.

---

[1]    Inexplicably, Plaintiff refers to Dr. Phillips as "Dr. Spady."  Although the record does include a few references to a Dr. Spady, it is not clear that he examined Plaintiff or rendered an opinion as to Plaintiff's ability to perform work activity.  The ALJ attributes the opinion in question to Dr. Phillips.   However, the opinion may be from Dr. McIntosh; the record is unclear.  For the sake of simplicity, the undersigned will refer to the opinion in question as that of Dr. Phillips.

The same is true of the opinion rendered by Dr. Philips.  There is simply nothing in the record which supports the finding of severe limitation.

Rather, the objective medical evidence supports the ALJ determination that Plaintiff does not suffer from a "severe" impairment.  For example, neither Dr. Banks or Dr. Phillips, or any other physician, recommended surgery, physical therapy or narcotic medication.   In addition, a consultative examination by Dr. Thaduis Cox in October 2003 was basically "unremarkable" (Tr. 144-146).  This is in stark contrast to the severe limitations suggested by Plaintiff's treating physicians.  The findings of state agency physicians also undercut the credibility of the opinions of Dr. Banks and Dr. Phillips.

In short, there is nothing in the record which supports a finding of a severely limiting condition.  Indeed, there is substantial evidence to the contrary.

Plaintiff also contends that the ALJ did not consider the combined effects of his impairments.  In this case, the ALJ specified he considered Plaintiff's impairments in combination at various stages in his evaluation and that he considered all symptoms in making his ultimate assessment.  (Tr. 26-29).   As the Defendant points out, such articulations have been found to be sufficient.  *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Furthermore, Plaintiff has not shown that the combined affects of his

impairments would result in limitations which significantly restrict his ability to do basic work activity.   As such, Plaintiff's contention is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 6, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

7